PER CURIAM.
John Paul Nagle appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Nagle’s pro se motion contains numerous unnumbered grounds for relief. The trial court accurately resolved all but one of the issues contained in Nagle’s motion. Because Na-gle’s motion is facially sufficient to require the trial court to either conduct an eviden-tiary hearing on that issue or attach portions of the record refuting Nagle’s claim, we affirm in part and reverse in part and remand for further proceedings.
The issue, we identify in Nagle’s motion and which the trial court must address on remand is whether Nagle’s trial counsel performed deficiently by failing to move.to suppress post-Miranda[1] tape recorded statements made by Nagle because Nagle was cognitively incapable of understanding the rights read to him and was therefore incapable of making a voluntary and intelligent waiver of his right to counsel. Although counsel filed a motion to suppress, Nagle’s complaint is that his counsel failed to file a suppression motion on the correct grounds, failed to show up for the suppression hearing, and failed to object when the taped interview was allowed to be played in open court. He claims that these actions precluded a judicial determination of the voluntariness of Nagle’s waiver and resulted in admissions that prejudiced the *123 outcome of the trial. See Ramirez v. State, 739 So.2d 568, 575 (Fla.1999).
We recognize that the trial court had a difficult task in this case. Nagle’s handwritten motion is largely unintelligible and difficult to read. However, the motion contains identifiable allegations of a cognizable claim, and the record does not clearly refute his claim that he was incapable of voluntarily and intelligently waiving his rights. Therefore, we find that Nagle’s motion is facially sufficient to state a claim under rule 3.850.
We do not address the merits of Nagle’s claim. On remand, the trial court shall either conduct an evidentiary hearing or attach portions of the record refuting Na-gle’s claim that his trial counsel was ineffective for failing to move to suppress his confession on these grounds. This is the sole issue that the trial court must address on remand.
Affirmed in part, reversed in part, and remanded for further proceedings.
CANADY and LaROSE, JJ., and GALLEN, THOMAS M., Associate Senior Judge, Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).